## C. L. Gathright v. The State.

No. 16394.   Delivered March 28, 1934.
Rehearing Denied (Without Written Opinion) May 9, 1934.

The opinion states the case.

*E. O. Northcutt* and *D. B. Lambdin,* both of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for two years.

Appellant was charged in several counts with the violation of the law against the sale and possession of intoxicating liquor. The sixth count, upon which the verdict is based, is as follows: "And the grand jurors aforesaid, upon their oaths as aforesaid, in and to said court do further present that one C. L. Gathright on or about the 22nd day of May, 1933, and anterior to the presentment of this indictment, in the County of Potter, State of Texas, did then and there unlawfully possess and have in his possession for the purpose of sale, malt liquors and potable liquor containing in excess of one per cent of alcohol by volume."

The averment in the indictment quoted is founded on article 667, P. C., 1925, declaring illegal the possession for sale of potable liquor containing alcohol in excess of one per cent by volume.

Appellant excepted to the charge of the court upon the ground that there was no law prohibiting the sale of spirituous liquor unless it was intoxicating, and requested that the jury be instructed to acquit appellant unless the liquor possessed by him was intoxicating.

Another exception to the charge was the failure to instruct

the jury that there should be an acquittal if the liquor possessed by the appellant contained less than one per cent of alcohol by volume at the time he obtained it. In the absence of the facts heard upon the trial this court is unable to appraise the complaints addressed to the court's charge.

The judgment and sentence take note of the Indeterminate Sentence Law ordering the appellant to confinement in the State Penitentiary for not less than one nor more than two years.

The motion for new trial contains no new matter.

Upon the record before us, we find no ground upon which this court would be justified in reversing the judgment. It is therefore affirmed.

*Affirmed.*